UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 0 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-392-GWU

SALLY SIZEMORE, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Sizemore

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Sizemore

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Sizemore

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

Sizemore

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Sally Sizemore, a 63-year-old woman with an eleventh grade education and work experience in factory assembly jobs, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of arthritis and "status post right pelvic fracture." (Tr. 22). Nevertheless, the ALJ determined that Mrs. Sizemore retained the residual functional capacity to perform a full range of sedentary level exertion. He concluded that Mrs. Sizemore's past relevant work as a factory assembler did not require the performance of work-related activities precluded by her residual functional capacity, and stopped his sequential evaluation at Step Six of the <u>Garner</u> analysis. Therefore, he found that the plaintiff was not entitled to benefits. (Tr. 23-5). The Appeals Council declined to review, and this action followed.

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff initially alleged disability due to pain from a broken pelvis, arthritis in her back, hip, and right hand, right leg swelling from a broken ankle, and high blood pressure. (Tr. 77).

Medical records in the transcript indicate that the plaintiff's ankle had been broken in 1995. She underwent an open reduction and internal fixation (Tr. 136-7),

Sizemore

and afterwards returned to work until 1998 or 1999, when she stopped work to take care of a relative (Tr. 77, 100, 233). Her broken pelvis had occurred in a motor vehicle accident in the late 1960s. (Tr. 96).

Medical records related to Mrs. Sizemore's condition after the alleged onset of disability are relatively limited. Her treating family physician, Dr. Jean Sullivan, submitted office notes from the late 1990s reflecting treatment for high blood pressure and high cholesterol. (Tr. 120). In March, 2000, Mrs. Sizemore complained of having left hip pain for the past three months, and Dr. Sullivan noted the plaintiff's history of a fractured pelvis in 1968, but observed that her examination showed a normal gait, straight back and legs, no muscle spasm or pain on hip rotation lying down, a normal range of motion of the hips, no enlarged joints, equal deep tendon reflexes, and no pain on percussion of the spine or pelvis. (Tr. 119). Dr. Sullivan diagnosed osteoarthritis, and prescribed Celebrex, but the plaintiff did not wish to take this medication because of stomach upset. (Tr. 117). Dr. Sullivan encouraged Mrs. Sizemore to walk regularly, lose weight, go on a low-calorie diet and perform back strengthening exercises. (Tr. 117). Office notes in August, 2001 talk mainly of high cholesterol and the need to get the plaintiff's blood pressure under control. (Tr. 115). She was given more back exercises in September, 2002, and complained of pelvic pain which had started while "push mowing" in July. (Tr. 114). Once again, Dr. Sullivan's examination showed no distress and no

8

abnormalities apart from tight paraspinal muscles on the right and some Heberden's nodes on the hands. (Id.).

State agency physicians also performed consultative physical examinations, with Dr. Mark Burns examining Mrs. Sizemore in February, 2003, but finding no abnormalities on physical examination, other than elevated blood pressure. (Tr. 124-7). Dr. Burns found no evidence for any physical restrictions. (Tr. 127). Dr. Monte Martin examined Mrs. Sizemore in November, 2004 and found a more normal blood pressure. (Tr. 216-18). His musculoskeletal examination showed that the plaintiff minimally dragged her right foot with ambulation, and had a decreased range of motion of the right hip, with abduction limited to 20 degrees. (Tr. 218). The left hip was normal, and there were no limitations of the ankles, knees, or lumbar spine. (Id.). The third digit of the right hand had flexion limited to 70 degrees, apparently due to a joint space abnormality of the PIP joint. (Id.). However, she had normal grip strength and there were no abnormalities of reflexes or sensation in either the upper or lower extremities. (Tr. 218-19). Dr. Martin found no limitations in the plaintiff's ability to sit, stand, or walk, although he felt that her ability to squat, twist, and carry objects from the ground would be somewhat inhibited due to the right hip problem. (Tr. 219). He prepared a functional capacity Assessment limiting the plaintiff to light level exertion and "occasionally" climbing, balancing, kneeling, crouching, crawling, and stooping (Tr. 220-3).

Sizemore

Dr. Sullivan, the treating source, prepared a functional capacity form of uncertain date stating that the plaintiff could lift up to 20 pounds occasionally, could sit for eight hours with rests, stand and walk for two hours each with rests, could never crawl, could occasionally bend and squat, and frequently reach above shoulder level. (Tr. 130). She also indicated that the plaintiff could not use either her right or left hand for simple grasping or pushing or pulling, although she could use both hands for fine manipulating. (Id.). She would have a mild restriction on work at unprotected heights, around moving machinery, and driving automobile equipment, and a moderate restriction on exposure to marked changes in temperature and humidity and exposure to dust, fumes, and gases. (Id.). She opined that Mrs. Sizemore could not participate in substantial gainful activity. The only reason given for the restrictions was "retired factory worker with arthritis." (Id.).

The ALJ stated in his decision that the opinions of both Dr. Martin and Dr. Sullivan were consistent with his finding that the plaintiff could perform a full range of sedentary level work. (Tr. 23). On appeal, counsel for the plaintiff disagrees with the ALJ's determination that the restrictions given by Dr. Sullivan were consistent with the requirements of the plaintiff's past jobs, which, at one point, she indicated had involved packaging items and lifting up to 35 pounds, standing four hours a day and containing a good deal of handling and grasping. (Tr. 78). However, the plaintiff additionally testified at one of the administrative hearings that she had been rotated among several jobs, and that one of her jobs was performed seated for the entire

10

work shift, and she assembled circuit boards, which weighed very little. (Tr. 240-2). In fact, she appeared to testify that she was an "active person" and did not like to sit, so she voluntarily gave up the circuit board job and went to the packing department which involved lifting up to 35 pounds. (Tr. 237-8, 242).

From the testimony presented, it does not appear unreasonable that a finder of fact could have concluded that one of the plaintiff's jobs met the requirements of sedentary work. Therefore, the plaintiff failed to carry her burden of showing that she could not return to her past relevant work. Moreover, Dr. Sullivan's restrictions on the use of hands for simple grasping and pushing/pulling are not well supported by any objective findings in her office notes, or by objective findings by the other examining sources. Even the opinion of a treating physician must be supported by some objective signs, symptoms, or laboratory findings. Hardaway, supra, 823 F.2d at 927.

The decision will be affirmed.

This the __7__ day of June, 2006.

G. WIX UNTHANK
SENIOR JUDGE

11